## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CANTRICE GRAY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:18-cv-52-ECM-DAB |
| ) | |
| **AETNA LIFE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Cantrice Gray, sues Defendant, Aetna Life Insurance Company, ("Aetna") in a single-count complaint seeking to enforce her rights and recover benefits as the beneficiary to supplemental life insurance benefits under a policy of group life insurance issued by Aetna. (Doc. 1). All claims are brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"). This matter is before the Court on Aetna's motion to dismiss. (Doc. 11). Plaintiff filed a response in opposition (Doc. 14) and Defendant replied (Doc. 18). The court heard argument on August 7, 2018. For the reasons that follow, the Magistrate Judge recommends that Aetna's motion to dismiss be **granted**.

### I.    JURISDICTION

The court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331. Personal jurisdiction and venue are not contested by the parties, and the court finds sufficient basis in the record to support both. *See* 28 U.S.C. § 1391. On August 13, 2018, the above-styled matter was referred for review and recommendation by United States District Judge Emily C. Marks. (Doc. 24); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447

U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).[1]

## II. BACKGROUND AND STATEMENT OF FACTS[2]

On January 29, 2018, Plaintiff Cantrice Gray ("Gray") filed a Complaint against Defendant Aetna under ERISA, claiming she is the beneficiary of proceeds of a policy of insurance issued to Bennie Joe Willis, Jr., who was employed by Performance Food Group, Inc. ("PFG") (Doc. 1). Subsequent to Willis' hire by PFG, he requested Supplemental Life Insurance coverage in the amount of $126,000 under the group life insurance policy made available to PFG employees through a benefit plan issued by Aetna ("the Plan"). *Id.* ¶ 7. Because the request was made more than sixty days after his eligibility date, Aetna required Willis to submit evidence of good health which he submitted via an Evidence of Insurability Statement to Aetna on December 22, 2014. *Id.* ¶ 8. Aetna approved the application and issued the Supplemental Life Insurance coverage under the Plan effective on January 1, 2015. *Id.* Gray alleges that while the Supplemental Life Insurance coverage was in force, Willis died from injuries sustained in an automobile accident on January 5, 2016. *Id.* ¶ 9.

Aetna paid benefits to Gray in the amount of $42,129.05 under the Basic Life Coverage of the Policy and $178,000 under the Accidental Life Insurance Coverage of the Policy. *Id.* ¶ 12. Gray demanded Aetna pay the Supplemental Life insurance benefits under the policy, but Aetna denied Gray's claim on May 9, 2017. *Id.* ¶¶ 11, 13. Gray attaches to her Complaint a copy of the May 9, 2017 letter from Aetna to her denying her claim for Supplemental Life insurance benefits.

---

[1] The case was referred to the undersigned for review initially on May 17, 2018. (Doc. 16). That order of referral was vacated August 8, 2018, (Doc. 21) but then the matter was referred again on August 13, 2018 (Doc. 24).

[2] The statement of facts is taken from the allegations in the Complaint. (Doc. 1).

(Doc. 1-1). Based on Aetna's review of Willis' medical records, Aetna concluded that full disclosure did not occur on the Evidence of Insurability submitted by Willis with his application for insurance. *Id.* at 4. Aetna states that had his medical conditions been disclosed, his application for Supplemental Life insurance benefits would have been denied under its Medical Underwriting guidelines. *Id.* The letter advised that in order to have the denial reviewed, the written request seeking review "must be mailed or delivered within 60 days following receipt of this explanation." *Id.* at 5.

On October 5, 2017, Gray, through counsel, challenged the denial of her benefits and requested information from Aetna. (Doc. 1, ¶ 14). She attaches a copy of the October 5 letter to her complaint. (Doc. 1-2). On October 19, 2017, Aetna requested a signed authorization in order to release Willis' medical records. (Doc. 1, ¶ 15). Gray's counsel forwarded the signed authorization on October 27, 2018. *Id.* ¶ 16. Gray alleges that Aetna did not respond to her lawyers' letters of October 5 and 27, nor did it provide the requested information. *Id.* ¶ 18. She asserts that Aetna violated the Plan and the ERISA statute in failing to review her claim on appeal. *Id.* ¶ 19. She alleges she has exhausted all of her claim remedies or exhaustion is otherwise futile. *Id.* ¶ 21.

In a single-count complaint, she seeks to enforce her rights under the Plan as regulated by ERISA. (Doc. 1). She alleges that Aetna's actions in denying her benefits was wrongful and she seeks $126,000 in Supplemental Life insurance benefits, interest on past due benefits, and any other relief available. *Id.* ¶¶ 22–28.

Aetna moves to dismiss Gray's complaint for failure to timely appeal and exhaust her administrative remedies. (Doc. 11).[3] Aetna contends that Gray's claim is barred for failing to

---

[3] Aetna attaches a copy of the Policy to its motion to dismiss. (Doc. 11-1). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings." *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008).

timely appeal the denial of her claim. It further asserts that her arguments of futility and that her claim should be deemed exhausted do not otherwise save her claim.

In response, Gray submits that the court has discretion to determine whether to apply the exhaustion requirement. (Doc. 14 at 2). Where, as here, Aetna controlled the Plan documents and denied Gray access to them, she argues the court should exercise its discretion to not require the exhaustion requirement be met given she was denied meaningful access to the Policy's procedures and Aetna's basis for denial of her claim. *Id.* at 8–14.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleader must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## IV. DISCUSSION

Under ERISA, a beneficiary may bring a civil action "to recover benefits due to [her] under the terms of [a] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA requires that every employee benefit plan shall "provide adequate notice in writing to any … beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial,

written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133(1). Additionally, every plan shall "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." *Id.* § 1133(2).

Here, Gray was advised as to the reason for the denial and afforded a full and fair review. The denial letter explained that Willis failed to fully disclose his medical conditions regarding his height and weight, tobacco use, and hypertension, which, if fully disclosed, would have resulted in his initial application being denied. (Doc. 1-1 at 4). Gray was made well aware of her rights, as well as the time period required, for submitting a request to appeal the denial of her claim for benefits. *Id.* at 5. The May 9, 2017, denial letter attached to her Complaint specifically advised Gray that she had the right to seek review of the denial of her claim through an appeal. *Id.* at 2. The letter further advised Gray that her appeal "must be mailed or delivered within 60 days following receipt of this explanation." *Id.* at 5. The letter provided that a written request for an appeal should be submitted to Aetna's Life Claim Service Center. *Id.* Significantly, the letter notified Gray that she had the right to bring a civil action under ERISA only after "the denial is upheld on appeal." *Id.* She was told she could submit additional information for Aetna's consideration. *Id.* at 4–5. Notwithstanding, she did not contact Aetna until October 2017, nearly five months after her denial letter was sent. Even if her October 5, 2017, could be considered an appeal of the denial decision, it was nevertheless untimely. Therefore, Gray's claims are barred for failing to timely appeal and exhaust her administrative remedies.

The Eleventh Circuit recognizes the import of the exhaustion requirement, which reduces the number of frivolous lawsuits under ERISA, minimizes the cost of dispute resolution, enhances the plan's trustees' ability to carry out their fiduciary duties, and allows prior fully considered

5

actions by pension plan trustees to assist courts if the dispute is ultimately litigated. *Mason v. Cont'l Grp., Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985).

When a plaintiff fails to exhaust her ERISA administrative remedies by not filing a timely appeal, that claim is barred and the claims administrator's decision becomes final. *See Counts v. Am. Gen. Life & Acc. Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997). "The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. 2008) (citations omitted). Gray does not dispute this. (Doc. 14 at 10). In fact, she appears to concede she failed to exhaust her remedies. She contends, however, that exceptions to the exhaustion requirement apply such that exhaustion is not required and her claim is not barred. In her complaint, she generally avers exhaustion would be futile. In her response to Defendant's motion to dismiss, Gray complains that Aetna is asking this court to require Gray to exhaust the very procedures to which Aetna itself denied her access. Her response posits the theory that Aetna's failure to provide her counsel with the requested Plan documents and the documentation supporting Aetna's denial of benefits essentially resulted in denying her access to the processes and procedures available under the Policy. She argues this denial of access excuses her failure to exhaust her administrative remedies.

In her complaint, however, Gray only generally alleges futility. She does not allege her theory that she was refused meaningful access to the Plan's administrative review procedures because of Aetna's failure to produce the Plan documents and other documents supporting denial of the claim. Her bare allegations of futility "are no substitute for the 'clear and positive' showing of futility ... required before suspending the exhaustion requirement." *Springer v. Wal-Mart Assoc. Grp. Health Plan*, 908 F.2d 897, 901 (11th Cir. 1990) (citations omitted); *see also, Bickley v.*

6

*Caremark RX, Inc.*, 461 F.3d 1325, 1330 (11th Cir. 2006) (claim of futility was merely speculative where plaintiff did not even attempt to pursue the administrative procedure available). Moreover, her allegations demonstrate she did not even attempt to pursue her claim until nearly five months after receiving the denial letter despite the letter advising her to submit any additional information for Aetna's consideration within 60 days and an admonition that a request for review must be mailed within 60 days. *See* (Doc. 1-1). Accordingly, the motion to dismiss is due to be granted because Gray did not exhaust her administrative remedies, and she fails to allege a sufficient basis for excusing the exhaustion requirement.

## V. RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendant's motion to dismiss (Doc. 11) be **GRANTED**.

## VI. NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **January 2, 2019**. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Respectfully recommended** this 18th day of December 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE